## Ex Parte Morales.

### Appeal from the District Court of San Juan.

No. 78.—Decided June 4, 1904.

Dominion Title.—When in an action to secure a dominion title the rules and formalities provided for by law have not been complied with, and when the facts necessary for the issuance thereof have not been proved, the same must be dismissed.

### STATEMENT OF THE CASE.

This is a proceeding instituted in the District Court of San Juan by Sandalio Morales, for the purpose of obtaining a declaration of ownership of two rural estates; which case is pending before us on appeal taken by the petitioner from the judgment rendered by aforesaid district court, which reads as follows:

"Porto Rico, June 11, 1903.—Sandalio Morales y Negrón presented a petition stating that he is and has been, for over six years, the owner of (1) a rural estate situated in *barrio* Cubuy within the municipal district of Loiza, consisting of ninety-six *cuerdas,* being equivalent to 37 hectares, 73 ares and 18 centares of third-class land, bounded on the east by lands belonging to Felix Santos and José R. García; on the south, by the estate of José de Santiago; on the north, by lands of Francisco Estrada and Fancisco de los Santos; and on the west, by the estate of José Gerena and Isidro de la Cruz; the value of said property being two thousand dollars, he having acquired the same as follows: 58 *cuerdas* by purchase from Francisco Rivera, 19 *cuerdas* by purchase from the estate of Pan-

taleón García, and 9 *cuerdas* by purchase from Basilio Esquilín, the present domicil of the vendors being unknown; and (2) a rural estate in *barrio* Lomas, within the municipal district of Loiza, composed of 92 *cuerdas*, equal to 36 hectares, 15 ares and 96 centares of third-class land, bounded on the east by lands belonging to the petitioner; on the west, by lands of Pascasio Rivera and Julián Echarri; on the north, by property belonging to J. Ortiz & Co.; and on the south, by the estate of Antonio Dominguez; on which property there stands a 12 by 10 *varas* zinc-roofed one-story frame house used as a shop and produce store, and another house measuring 15 by 12 *varas* similarly constructed, used as a dwelling, also belonging to him, the value of the land being one thousand dollars and of the houses, four hundred dollars each; said property having been acquired as follows: 7 *cuerdas* by purchase from Patrico Rivera, 8½ *cuerdas* from Valentín Meléndez, 5 from Juan Meléndez, 48 by purchase from Marcelino Morales, and 23½ *cuerdas* by purchase from the estate of Gregorio Negrón, the present domicil of said vendors being likewise unknown.

''In said petition it is further stated that the petitioner has no dominion title to said lands for which reason he prays that proceedings be instituted for the purpose of establishing his ownership, and that a declaration be made with reference to said real estate and that a certified copy thereof be issued. The petition having been admitted on May 22, 1902, an order was accordingly issued, with citation of the *fiscal* and the former owners, and directing that the evidence proposed be taken, which was done, three witnesses testifying that they knew of their own knowledge that Morales possessed as owner, the rural estate described in the petition.

''Without it having been ordered by the court, notices were issued and published in the 'Gazette,' and as the last domicil of the former owners had not been stated, the petitioner was required to comply with the provisions of article 269 of the Law of Civil Procedure, he stating as such domicil the town of Rio Grande. At the request of the petitioner, letters mandatory were issued to the municipal court of said town for the purpose of summoning aforesaid owners to appear, it appearing that the service of the writ was made by posting the same at the usual public place, which writ does not appear to have been joined to the notification papers. The Department of Justice in view of all these defects and informalities, and the results of the evidence, moved that the declaration applied for in these proceedings be denied.

"Neither the formalities prescribed by law nor the provisions of article 269 of the Law of Civil Procedure having been complied with, the claim made by the petitioner. cannot be sustained.

"Even had aforesaid legal formalities been complied with, the evidence taken being confined to what appears in the second finding of fact, the same is insufficient for purposes of a declaration of ownership, inasmuch as it does not cover the necessary and indispensable points to enable the court to make such declaration. The declaration of ownership applied for is denied. So it was decided and signed by the judges of the court, to which I certify.—Juan Morera Martinez, Frank H. Richmond, José Tous Soto.—Luis Méndez Vaz."

From the foregoing judgment an appeal was taken by counsel for the petitioner, which was allowed both for review and stay of proceedings. The record was forwarded to this Supreme Court, with citation of the parties, and the appellant having appeared, the appeal was conducted under the proper procedure. A day was set for the hearing at which only the *fiscal* of this Supreme Court was present, who opposed the appeal.

*Mr. Emigdio S. Ginorio,* for appellant.

*Mr. del Toro, Fiscal,* for the People.

MR. CHIEF JUSTICE QUIÑONES, after making the above statement of facts, delivered the opinion of the court.

The findings of fact and conclusions of law of the judgment appealed from are accepted.

We adjudge that we should affirm and do affirm said judgment, with costs against the appellant.

Justices Hernández, Figueras and MacLeary, concurred.

Mr. Justice Sulzbacher did not sit at the hearing of this case.